UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ANN V. HILL, et al.,
                             Plaintiffs,

                        21 Civ. 8746 (LGS)

          -against-

                         ORDER

MAFFUCCI MOVING AND STORAGE, et al.,
                            Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on October 26, 2021, Plaintiffs, proceeding pro se, filed the Complaint, invoking the Court's federal question jurisdiction and diversity jurisdiction for alleged violations of the Americans with Disabilities Act ("ADA") and the New York City Humans Rights Law ("NYCHRL"). (Dkt. No. 1.)

      WHEREAS, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

      WHEREAS, "a plaintiff cannot create federal jurisdiction under [28 U.S.C.] § 1331 simply by alleging a federal claim where in reality none exists. Subject matter jurisdiction will lie only where the court determines that the substance of the plaintiff's allegations raises a federal question." *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) (internal citations, quotation marks, and alteration marks omitted); *accord Li v. Ali Baba Grp. Holding Ltd.*, No. 19 Civ. 11629, 2021 WL 4084574, at *4 (S.D.N.Y. Sept. 7, 2021) (same).

      WHEREAS, the Complaint does not state a colorable federal claim. Plaintiffs' ADA claim is premised on an earlier action that Plaintiffs filed in a Suffolk County state court. The

Complaint alleges that Defendants defaulted in that proceeding and Plaintiffs' resulting travel to Suffolk County for court proceedings constituted disability discrimination under the ADA. These allegations do not give rise to federal question jurisdiction. *See Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) ("The Supreme Court has recognized . . . that federal claims that are 'not colorable, *i.e.*, . . . 'immaterial and made solely for the purpose of obtaining jurisdiction' or . . . 'wholly insubstantial and frivolous,' do not give rise to federal-question jurisdiction.") (internal quotation marks omitted) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)).

WHEREAS, diversity jurisdiction does not exist because there is not complete diversity between the parties. Under 28 U.S.C. § 1332, federal courts have jurisdiction to hear cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (internal quotation marks omitted). Here, it is undisputed that Plaintiffs are New York citizens, and Defendant Maffucci Moving and Storage is a business headquartered in New York. Accordingly, diversity jurisdiction does not provide an alternative basis for jurisdiction.

WHEREAS, on December 2, 2021, the Court directed Plaintiffs to file a letter by December 23, 2021, stating any legal basis to conclude that the Court has subject matter jurisdiction to adjudicate this case, and any reason why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 8.)

WHEREAS, no such letter was filed. It is hereby

**ORDERED** that Plaintiffs' claims are **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is respectfully directed to serve a copy of this Order on pro se Plaintiffs and to close the case.

Dated: January 4, 2022
       New York, New York

                                              LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE